IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NOBLES C. FIELDS, #1536825,<br>Plaintiff, | § § § | |
| v. | § | 3:10-CV-1546-D (BK) |
| OLLIE MAMIE GILLENS,<br>Defendant. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and the order filed on November 29, 2010, this case was re-referred for findings, conclusions, and recommendation.

## I. BACKGROUND

Plaintiff, a Texas state prisoner, filed a *pro se* complaint naming his stepsister, Ollie Mamie Gillens, as the sole Defendant. The court granted Plaintiff's motion to proceed *in forma pauperis*, but did not issue process pending preliminary screening. Because the complaint did not include a jurisdictional statement, the Court issued a questionnaire to Plaintiff, who filed his answers thereto.

The complaint, as supplemented by the answers to the questionnaire, alleges that Defendant violated Plaintiff's rights under the "Takings Clause of the Fifth Amendment" when she forged his signature without his consent on "federal documents in order to change, sell, or transfer" real estate properties that belonged to Plaintiff. (Doc. #1 at 1; Doc. #14, answers 1, 3.)

## II. DISCUSSION

Before screening a complaint under 28 U.S.C. §§ 1915(e) or 1915A, the Court must

always examine the threshold question of whether it has subject matter jurisdiction. That is an issue of paramount concern, and should be addressed, *sua sponte* if necessary, at the inception of any federal action. *System Pipe & Supply, Inc. v. M/V Viktor Kurnatovsky*, 242 F.3d 322, 324 (5th Cir. 2001); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Unless otherwise provided by statute, federal court jurisdiction requires (1) a federal question arising under the Constitution, a federal law, or a treaty, *see* 28 U.S.C. § 1331, or (2) complete diversity of citizenship between adverse parties and at least $75,000 in controversy, *see* 28 U.S.C. § 1332. The federal question must appear "on the face of the plaintiff's well-pleaded complaint and there is generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp. v. Exxon Corp.,* 295 F.3d 485, 490 (5th Cir. 2002) (citation omitted). Of course, the Court must always construe pleadings filed by *pro se* litigants liberally. *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

Plaintiff has not pled facts which support subject-matter jurisdiction on the basis of a federal question. Because Plaintiff's property was not taken for public use, he has no claim under the Fifth Amendment's Takings Clause, which provides "private property [shall not] be taken for *public use,* without just compensation." U.S. CONST. AMEND. V (emphasis added). Even assuming the requisite taking, Plaintiff fails to assert that he sought compensation for the taking through available state remedies or that he was consequently denied just compensation. *See John Corp. v. City of Houston,* 214 F.3d 573, 580-81 (5th Cir.2000).

Moreover, the complaint makes no explicit reference to any other federal law or cause of action. Plaintiff pleads only possibly a state law action stemming from the alleged forgery of real

2

estate documents. Even under the most liberal interpretation of the complaint, the Court cannot construe the alleged facts to state a cause of action arising under federal law. *See Hildebrand v. Honeywell, Inc.,* 622 F.2d 179, 181 (5th Cir. 1980) (citations omitted).

Nor can Plaintiff rely on diversity of jurisdiction as a basis for subject matter jurisdiction. The diversity statute requires "complete diversity" of citizenship. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) *(citing Whalen v. Carter,* 954 F.2d 1087, 1094 (5th Cir. 1992) (district court cannot exercise diversity jurisdiction if the plaintiff shares the same state of citizenship as any one of the defendants)). In answer to the questionnaire, Plaintiff confirms that he and Defendant are both citizens of the State of Texas. (Doc. #14, Answer 4.)

Lastly, since the complaint does not present a sufficient basis for federal question or diversity jurisdiction, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claim, if any. *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

### III. RECOMMENDATION

For the foregoing reasons, the District Court should **DISMISS** this action *sua sponte* for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

SIGNED January 7, 2011.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE